[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 5085-do
Avery Heights is a 500 resident, 43 acre private housing and assisted living complex located at 705 New Britain Avenue, Hartford, Connecticut. At the time of the incident in question, there had been an ongoing dispute between Avery management and Avery employees. The defendant is not an employee of Avery heights. On January 18, 2000, between 4:00 and 5:00 p.m., the defendant and others, as a show of sympathy for employees, sat in the private access road to Avery Heights. His actions, together with others, purportedly did impede the flow of vehicular and pedestrian traffic to the complex for a brief time. The defendant was asked four times to disburse and did not comply with the orders of the police. As a result, the defendant was arrested and charged with disorderly conduct in violation of 53a-182 of the Connecticut General Statutes.[1]
The defendant claims, inter alia, that his actions are constitutionally protected by the First and Fourteenth Amendments to the U.S. Constitution[2] and corresponding provisions of Article First of the Connecticut Constitution.[3] The defendant relies heavily on Statev. Anonymous, Et Al, 33 Conn. Sup. 93 (1976-9). The facts of that case are readily distinguishable from those of the instant matter. InAnonymous, the defendants were arrested after approaching the complainant in a parking lot of a shopping plaza and trying to sell him a newspaper. The complainant considered the paper offensive and called the police to arrest the defendants for soliciting without a license. When the police arrived and were engaged in a "political debate" including "the proper function of the police officer in our society", and after a crowd had gathered, the defendants were arrested for breach of the peace.
In the matter at bar, the defendant and others intentionally blocked access to a private housing and assisted living complex. The access road was privately owned and not a public street. Where a demonstration has as its specific purpose the obstruction of traffic, it runs contrary to "the state's or the municipality's obligation to regulate the use of city streets and other facilities to assure the safety and the convenience of the people in their use. . . . The rights of free speech and assembly, while fundamental in our democratic society, still do not mean that everyone with opinions or beliefs to express may address a group at any public place and at any time. The constitutional guarantee of liberty implies the existence of an organized society maintaining public order, without which liberty itself would be lost in the excesses of anarchy." Cox v. Louisiana, 379 U.S. 536, 553, 554 (1965). To CT Page 5085-dp paraphrase language stated by Mr. Justice Brennan in Bachellar v.Maryland, 397 U.S. 564, 571 (1970), if the jury can find that the defendant sat or lay across the access road to Avery Heights with the intent of fully blocking passage along it or if he refused to obey police commands to stop obstructing the driveway then the trier may, accordingly, convict him of the crime of disorderly conduct. See alsoFood Employees v. Logan Plaza, 391 U.S. 308, 322 (1968); Grayned v. Cityof Rockford, 408 U.S. 104 (1972).
The defendant also claims that this court should dismiss the charges against him for reason of insufficiency of evidence or cause to justify continuing the information or placing him on trial. For the reasons already set forth, that claim is rejected as well.
BY THE COURT,
Scheinblum, J.